JUSTICE MORRISON
specially concurring:
I concur in the result. However, the majority opinion is vague with reference to the method to be used in calculating “loss of earning *309 capacity”. The majority notes that the claimant is to be paid benefits equal to a fixed percentage of the difference between the wages received at the time of injury and the wages the claimant was able to earn after maximum healing was reached.
In this case claimant was injured June 23, 1971, and returned to work in April of 1974. Claimant’s preinjury wage was $162.80 per week. Claimant returned to work in 1974 at an hourly wage of $2.83 per hour. At forty horn’s per week this would equal $113.20 per week. However, it would be patently unfair to compare wages in 1974 with wages in 1971. During that three-year period of time, there was substantial growth in wages for nearly all occupations.
The statute contemplates a comparison of preinjury and postinjury wages. However, the comparison must be made for the same period of time. The Workers’ Compensation Court should consider evidence relating to what claimant would have made driving his transport truck in 1974 and compare that with the wages earned as a clerk for the Montana Liquor Store. Loss of earning capacity can only be realistically determined through such an approach.
I do not believe that the majority holds to the contrary. The issue is simply not developed. Upon remand I urge the Workers’ Compensation Court to follow this approach in calculating “loss of earning capacity”.